UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PORTIA WASHINGTON and
DIVINE HARWELL, on behalf of
themselves and those similarly situated,

    Plaintiff(s),

vs.

CASE NO.: 6:17-cv-312-ORL-22GJK

UNITEL MARKETING, LLC, a
Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, PORTIA WASHINGTON and DIVINE HARWELL, on behalf of themselves and those similarly situated ("Plaintiffs"), and sues Defendant, UNITEL MARKETING, LLC, a Florida Limited Liability Company ("UNITEL " or "Defendant"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime wage compensation.

### INTRODUCTION

1. This is an action by the Plaintiffs against their former employer for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs seek overtime damages, liquidated damages, attorney's fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

2. Plaintiffs also seek an Order conditionally certifying this case as a collective action to include all similarly situated "sales representatives" who did not receive proper overtime wages within the last three years.

## JURISDICTION

3. Defendant, UNITEL MARKETING, LLC, is a Limited Liability Company formed and existing under the laws of the State of Florida, doing business in Florida and New Jersey, and at all times during Plaintiffs' employment, was an employer as defined by 29 U.S.C. §203.

4. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 28 U.S.C. §1331 and the FLSA.

## VENUE

5. The venue of this Court over this controversy is proper based on the claim arising in Maitland, Florida (Orange County).

## COVERAGE

6. At all material times relevant to this action (2014-2017), the Defendant, UNITEL MARKETING, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

7. At all material times relevant to this action (2014-2017), the Defendant, UNITEL MARKETING, LLC, made gross earnings of at least $500,000.00 annually.

8. At all material times relevant to this action (2014-2017), the Defendant, UNITEL MARKETING, LLC, had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

9. At all material times relevant to this action (2014-2017), Defendant, UNITEL MARKETING, LLC, had two or more employees who routinely ordered materials or supplies from out of state vendors.

10. At all material times relevant to this action (2014-2017), Defendant, UNITEL MARKETING, LLC, had two or more employees who used the telephone and/or computers to place and accept business calls with out of state customers on a daily basis in the normal course of its business. Defendant required its employees to perform telephone sales for skin care products.

11. Additionally, Plaintiffs were employees of UNITEL MARKETING, LLC, and were, at all times relevant to this action (2014-2017), individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as they was required to communicate with in and out of state customers on a daily basis for sales.

12. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

13. Defendant, UNITEL MARKETING, LLC, is a company providing sales and telemarketing services.

14. UNITEL MARKETING, LLC operates in at least in 2 states: Florida and New Jersey.

15. UNITEL MARKETING, LLC has dozens of employees.

3

16. Defendant employs representatives commonly referred to as "sales representatives."

17. Defendant's sales representatives work in Florida and New Jersey.

18. On or about January 11, 2017, Defendant closed its Maitland, Florida office.

19. Sales representatives perform sales related services on behalf of Defendant.

20. Sales representatives work in a call center setting.

21. Sales representatives are hourly paid employees who are also paid bonuses and commission.

22. Sales representatives were not paid overtime, in one or more weeks, if they worked more than forty (40) hours per week.

23. Plaintiffs were employed by Defendant as "sales representatives."

24. Plaintiff PORTIA WASHINGTON was employed in this capacity from approximately December 08, 2015 through December 20, 2016.

25. Plaintiff DIVINE HARWELL was employed in this capacity from approximately November 2014 through January 11, 2017.

26. Plaintiffs were paid an hourly rate for the hours that they worked plus bonuses and commission.

27. All sales representatives were paid on an hourly basis, plus commission and bonuses.

28. All sales representatives were entitled to be paid for all hours worked for Defendant.

29. In order to perform their jobs and meet the sales team goals, Plaintiffs and all sales representatives worked beyond their scheduled hours, including often working through lunches and breaks, during one or more weeks.

30. Plaintiffs and all sales representatives were not paid for the time they spent working prior to the beginning of their work shifts and time spent after the end of their work shifts, during one or more weeks.

31. This suit seeks payment of all of the time spent prior to the beginning of their work shifts and after the end of their work shifts that resulted in the Plaintiffs, and those similarly situated, working overtime hours but not being compensated at a rate of no less than half of their regular hourly rate for the overtime hours.

32. As a result of this compensation practice, Plaintiffs, and all sales persons similarly situated, did not receive full and proper payment of half their regular rate of pay for all hours worked in excess of forty (40) within a work week, in one or more weeks.

33. Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of 40 within a workweek.

34. Defendant employed other individuals who performed the same or similar job duties under the same pay provisions as Plaintiffs.

35. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiffs, and others similarly situated to them, are in the possession, custody, or control of Defendant.

## CLASS REPRESENTATIVE ALLEGATIONS

36. Plaintiffs and the other sales representatives ("the class members") performed the same or similar job duties as one another in that they provided sales duties for Defendant.

37. Further, Plaintiffs and the class members were subjected to the same pay provisions in that they often worked prior to the beginning of their work shifts and after the end of their work shifts resulting in working over forty (40) hours in a work week, during one or more weeks, without being paid at a rate of at least half their regular rate of pay for those hours. Thus, the class members are owed overtime wages for the same reason as the Plaintiffs.

38. Defendant's policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiffs applies to all class members.

39. Defendant knowingly, willingly, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to Plaintiffs and the class members.

40. Defendant acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

41. Defendant was aware of the time and record keeping requirements of the Fair Labor Standards Act, but willfully or recklessly failed to keep accurate pay and time records as required.

42. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## **COUNT ONE - RECOVERY OF OVERTIME COMPENSATION**

43. Plaintiffs reassert and incorporate by reference all allegations contained within previous paragraphs 1 through 42.

44. During their employment with Defendant, Plaintiffs worked more than forty (40) hours in one or more workweeks while employed by Defendant.

45. Defendant failed to properly compensate Plaintiffs for overtime hours that they worked, in violation of the FLSA.

46. Defendant acted willfully, intentionally, and/or recklessly in failing to pay Plaintiffs at least time half their regular hourly rate of pay for each hour worked over forty (40) hours in one or more workweeks while employed by Defendant, in violation of the FLSA.

47. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## DAMAGES AND RELIEF SOUGHT FOR MEMBERS OF THE CLASS

48. This action is brought by Plaintiffs, for themselves and on behalf of all others similarly situated, under the provisions of the FLSA for: (i) monetary damages to be paid by the Defendant associated with the above claims; (ii) liquidated damages; and (iii) relief incident and subordinate thereto, including the costs and expenses of this action and an award of attorneys' fees and reimbursement of expenses to Plaintiff's counsel.

## DEMAND FOR JURY TRIAL

49. Plaintiff also demands a trial by jury.

WHEREFORE, Plaintiff demands an Order awarding:

a. Payment of Plaintiffs', and all class members, overtime wages at the correct rate of half of Plaintiffs' regular rate pursuant to the FLSA;

b. An equal amount of liquidated damages, or in the alternative, pre-judgment and post-judgment interest at the highest rate allowed by law;

c. Pre-judgment and Post-judgment interest where applicable;

d. Reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case; and

e. All other relief that the Court deems just and proper.

Dated this 22nd day of February, 2017.

        Respectfully submitted,

        _____
        Aaron Hines, Esquire
        FBN 81690
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 14th Floor
        P.O. Box 4979
        Orlando, FL 32802-4979
        Telephone: (407) 428-6241
        Facsimile: (407) 245-3342
        Email: ahines@forthepeople.com
        *Attorney for Plaintiffs*