**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| **PORTIA WASHINGTON and DIVINE HARWELL, on behalf of themselves and those similarly situated,**  Plaintiff(s),  vs.  **UNITEL MARKETING, LLC, a Florida Limited Liability Company,**  Defendant. | CASE NO. 6:17-cv-312-ACC-GJK |

**DEFENDANT, UNITEL MARKETING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

DEFENDANT, UNITEL MARKETING, LLC ("Defendant"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8 and 12 hereby answers Plaintiffs' Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

**INTRODUCTION**

1. Defendant admits that this purports to be an action for recovery of overtime compensation under the Fair Labor Standards Act ("FLSA"). Defendant denies any liability under the FLSA and denies that Plaintiffs are entitled to any of the requested relief.

2. Defendant denies that this action should be certified as a collective action.

**JURISDICTION**

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits, for jurisdiction purposes only, that this case is properly before the Middle District of Florida pursuant to 28 U.S.C. § 1331, but denies that any improper employment practices occurred. Defendant denies the remaining allegations and inferences contained in Paragraph 4 of the Complaint.

## VENUE

5. Defendant admits, for venue purposes only, that venue properly lies in the Middle District of Florida, Orlando Division, but denies that any improper employment practices occurred. Defendant denies the remaining allegations and inferences contained in Paragraph 5 of the Complaint.

## COVERAGE

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in the first sentence of Paragraph 10 of the Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

## FACTUAL ALLEGATIONS

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant is without knowledge as to the scope of the term "sales related services," and therefore denies the allegations contained in Paragraph 19 of the Complaint. Defendant further states that the sales representatives' job duties principally consisted of telephone sales.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits Plaintiff Washington was employed by Defendant from December 10, 2015 through December 10, 2016.

25. Defendant admits Plaintiff Harwell was employed by Defendant from November 6, 2014 through January 11, 2017.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits that this purports to be an action for recovery of overtime compensation under the FLSA. Defendant denies the remaining allegations of Paragraph 31 of the Complaint. Defendant further avers that this action should not be certified as a collective action.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint, but denies Plaintiffs are similarly situated to such other individuals or that this case should be certified as a collective action.

35. Defendant admits the allegations contained in Paragraph 35 of the Complaint.

## **CLASS REPRESENTATIVE ALLEGATIONS**

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint, but denies Plaintiffs are similarly situated to such other individuals or that this case should be certified as a collective action.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT ONE—RECOVERY OF OVERTIME COMPENSATION

43. Defendant incorporates its specific responses to the allegations contained in Paragraphs 1 through 42, above, as if fully set forth herein.

44. Plaintiffs purport to bring this lawsuit on behalf of the named Plaintiffs and those allegedly similarly situated, though Defendant denies this case is suited to collective adjudication. Defendant is, therefore, without knowledge regarding the number of hours worked by every putative class member and therefore denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## DAMAGES AND RELIEF SOUGHT FOR MEMBERS OF CLASS

48. Defendant admits that this purports to be an action for recovery of overtime compensation under the FLSA. Defendant denies Plaintiffs are entitled to any of the requested relief and denies the remaining allegations of Paragraph 48 of the Complaint. Defendant further avers that this action should not be certified as a collective action.

## DEMAND FOR JURY TRIAL

49. Defendant denies that Plaintiffs are entitled to a jury trial on all aspects of their claims as asserted in Paragraph 49 of the Complaint.

In response to the "Wherefore" allegations, Defendant denies that Plaintiffs are entitled to judgment or relief.

## AFFIRMATIVE AND OTHER DEFENSES[1]

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims for liquidated damages and the claims of the class of persons Plaintiffs purport to represent are barred to the extent Defendant acted in good faith and had reasonable grounds for believing its actions were not in violation of the FLSA.

### THIRD DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred to the extent Plaintiffs seek damages beyond the applicable limitations periods, which here is two years and at most three years, for any wage or overtime claims.

### FOURTH DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred in whole or in part because Plaintiffs and the members of the purported class were properly classified as exempt under one or more exemptions, or combination of exemptions including, but not limited to, the retail sales exemption for commissioned employees.

### FIFTH DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred in whole or in part because some Plaintiffs and the members of the purported class were properly classified as exempt under one or more exemptions, or

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

combination of exemptions including, but not limited to professional, administrative, and/or executive exemptions.

### SIXTH DEFENSE

Plaintiffs cannot establish that any acts or omissions of Defendant were in willful violation of the FLSA. Accordingly, a two-year statute of limitations applies to the claims of Plaintiffs and the class of persons Plaintiffs purport to represent.

### SEVENTH DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred because Plaintiffs were paid all wages due.

### EIGHTH DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiffs and the class of persons Plaintiffs purport to represent were allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

### NINTH DEFENSE

To the extent Plaintiffs and the class of persons Plaintiffs purport to represent are entitled to damages, Defendant is entitled to a credit or set off against amounts overpaid in the course of and/or upon termination of their employment.

### TENTH DEFENSE

Some or all of the disputed time for which Plaintiffs and the class of persons Plaintiffs purport to represent seek recovery of wages purportedly owed was spent engaged in activities which were not hours worked under the FLSA and other applicable laws and

were not an integral and indispensable part of their principal activities.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA or any law with respect to matters alleged in the Complaint.

## TWELFTH DEFENSE

Current and former employees of Defendant are not similarly situated for purposes of the FLSA or any other law.

## THIRTEENTH DEFENSE

Plaintiffs fail to satisfy the prerequisites for certification under the FLSA and, therefore, cannot represent the interests of others.

## FOURTEENTH DEFENSE

Because liability may be not determined by a single jury on a class-wide basis, allowing this action to proceed as a collective action would violate Defendant's rights under the Seventh Amendment.

## FIFTEENTH DEFENSE

Plaintiffs lack standing to assert the legal rights or interests of others.

## SIXTEENTH DEFENSE

This court lacks jurisdiction over the claims of some of the putative class members.

## SEVENTEENTH DEFENSE

Plaintiffs' Complaint as a whole is barred in whole or in part because, based

on the hours worked, Plaintiffs and the alleged putative class members are not entitled to overtime compensation under the FLSA.

### EIGHTEENTH DEFENSE

Plaintiffs' claims and the claims of the class of persons Plaintiffs purport to represent are barred to the extent Plaintiffs seek compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

### NINETEENTH DEFENSE

Without foregoing any and all of the defenses herein, and without admitting any liability on behalf of Defendant, to the extent Plaintiffs and the class of persons Plaintiffs purport to represent are entitled to any overtime damages, such overtime is calculated at one half of their regular rate of pay because Plaintiffs' compensation, and the compensation of the class of persons Plaintiffs purport to represent, compensated them for all hours worked.

### TWENTIETH DEFENSE

Plaintiffs and the class of persons Plaintiffs purport to represent are estopped and/or barred from claiming overtime compensation is owed to them because some or all of them signed agreements at the conclusion of their employment with Defendant in which they affirmed that they reported all hours worked for Defendant and had received all wages and other compensation to which they might be entitled.

### TWENTY-FIRST DEFENSE

Because Plaintiffs' Complaint is phrased in vague and conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action.

Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

DATED this 10th day of April, 2017.

    Respectfully submitted,

    JACKSON LEWIS P.C.
    390 N. Orange Avenue, Suite 1285
    Orlando, Florida 32801
    Telephone:  (407) 246-8440
    Facsimile:  (407) 246-8441

By: */s/ Donald C. Works, III*
    Donald C. Works, III
    Florida Bar No. 340308
    worksd@jacksonlewis.com

    Jesse I. Unruh
    Florida Bar No. 0093121
    jesse.unruh@jacksonlewis.com

    Attorneys for Defendant, UNITEL MARKETING, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2017, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Aaron Hines, Esquire, and Kimberly De Arcangelis, Esquire, Morgan & Morgan, P.A., P.O. Box 4979, Orlando, Florida 32802-4979.

    */s/ Donald C. Works, III*
    Donald C. Works, III

4827-7537-8758, v. 1